914 So.2d 1254 (2005)
Robert Todd COLEMAN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-01687-COA.
Court of Appeals of Mississippi.
November 22, 2005.
Jeffrey J. Hosford, Madison, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Robert Todd Coleman was convicted in the Circuit Court of Clay County, Mississippi for armed robbery, two counts of kidnapping, and burglary. He was sentenced to serve twenty-five years in the custody of the Mississippi Department of Corrections for armed robbery, twenty years for each count of kidnapping, and twenty years for burglary. All of the sentences were to run concurrently. Coleman now appeals this judgment asserting that the trial court violated his right to self-representation.

FACTS
¶ 2. On October 14, 2002, Coleman was indicted by a Clay County grand jury for two counts of armed robbery, two counts of kidnapping, and one count of burglary. Coleman filed an affidavit of indigency and requested that the court appointed counsel to represent him. Jeffrey Hosford, the *1255 public defender for Clay County, was appointed by the court to defend Coleman. Hosford petitioned the court for a psychiatric examination to determine Coleman's mental capacity. The examination found Coleman to be operating in the range of low to borderline intellectual function. However, the examination also revealed that Coleman had the capacity to understand right and wrong, as well as the capacity to assert or waive his constitutional rights.
¶ 3. Just before voir dire began, Coleman's attorney announced to the court that Coleman wanted to dismiss his attorney and represent himself. The court warned Coleman that, due to his lack of understanding of the law and trial procedure, his chances were much worse without an attorney. The court further advised Coleman to retain his court-appointed attorney. Unpersuaded, Coleman confirmed that he wished to dismiss his attorney and represent himself. The court refused to remove Hosford as Coleman's court-appointed counsel, citing Coleman's ninth grade education, lack of knowledge about the legal system, and the seriousness of the charges. After a trial, Coleman was acquitted on the first count of armed robbery, but was convicted on all other counts.

LAW AND ANALYSIS
¶ 4. Under the Mississippi and United States constitutions, a defendant has the right to waive the assistance of counsel and represent himself. Armstead v. State, 716 So.2d 576, 580(¶ 19) (Miss. 1998); Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In Armstead, the court lists two exceptions to this rule, namely: (1) where the defendant is so unable or unwilling to abide by rules and courtroom procedure that his representation of himself would result in disruption of the trial; and (2) where the defendant is so physically or mentally incompetent to speak to the jury that his right to a fair trial is endangered. Armstead, 716 So.2d at 582(¶ 25). The denial of the right to self-representation is not "amenable to `harmless error' analysis." Evans v. State, 725 So.2d 613, 702 (Miss. 1997) (quoting McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), reh'g denied, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984)). "A refusal to allow a defendant to represent himself is a violation of his constitutional rights and requires reversal." Taylor v. State, 812 So.2d 1056, 1059(¶ 13) (Miss.Ct.App.2001) (citing Gray v. State, 351 So.2d 1342, 1345 (Miss.1977)).
¶ 5. With this appeal, both Coleman and the State argue that the trial court erred in denying Coleman his right to represent himself. The State asserts that the trial court failed to apply either of the two established exceptions from Armstead when it denied Coleman his right to self-representation. The record shows that the court found Coleman to be competent, but refused to remove Hosford as Coleman's court-appointed counsel based on Coleman's ninth grade education, his lack of knowledge about the legal system, and the seriousness of the charges. In Faretta, the court emphasized that the defendant's lack of technical legal knowledge is irrelevant when determining whether he is competent to waive his right to counsel. Faretta, 422 U.S. at 836, 95 S.Ct. 2525. The court further made it clear that a defendant's choice "must be honored," even if self-representation may be "ultimately to his own detriment." Id. at 834, 95 S.Ct. 2525. The record shows that Coleman was competent to assert or waive his constitutional rights, and that he made an unequivocal request to represent himself. Therefore, we find that the trial court erred *1256 when it denied Coleman his right to self-representation. We reverse the judgment of the trial court and remand for a new trial consistent with this holding.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY OF CONVICTION OF COUNT II OF ARMED ROBBERY AND SENTENCE OF TWENTY-FIVE YEARS; COUNT III OF KIDNAPPING AND SENTENCE OF TWENTY YEARS; COUNT IV OF KIDNAPPING AND SENTENCE OF TWENTY YEARS; AND COUNT V OF BURGLARY AND SENTENCE OF TWENTY YEARS TO RUN CONCURRENTLY TO SENTENCES IN COUNTS II, III, AND IV, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS REVERSED AND REMANDED FOR A NEW TRIAL. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE P.J., BRIDGES, IRVING, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.